1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11    RICHARD JAMES TAYLOR,                        Case No. 2:18-cv-01550-FMO (MAA)

12                        Petitioner,              **ORDER ACCEPTING FINDINGS
                                                   AND RECOMMENDATIONS OF**
13            v.                                   **UNITED STATES MAGISTRATE
                                                   JUDGE**
14    JOSIE GASTELO,

15                        Respondent.

16

17

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other

19    records on file herein, and the Report and Recommendation of the United States

20    Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those

21    portions of the Report to which objections have been made.  For the reasons below,

22    Petitioner's Objections (ECF No. 30) are overruled.

23        For Ground One, Petitioner objects that he was denied the right to counsel of

24    his choice, Ms. Vargas, and that he was denied the right to be present during the

25    proceeding that was held on the matter.  (ECF No. 30 at 7-10.)  Petitioner argues

26    that the trial court, outside of his presence, made Ms. Vargas believe that it had

27    rendered a "final determination" denying her continuance motion, thereby

28    precluding Ms. Vargas from representing Petitioner.  (*Id*. at 9.)  Petitioner's

objection is contrary to the state appellate record, which showed that no final determination on the motion had been made before Ms. Vargas decided to leave the courtroom.  According to the state appellate record, the continuance motion was never "fully fleshed out" (ECF No. 18-9 at 14) and even Ms. Vargas understood that, at most, the motion would be denied "should I raise the motion" (*id*. at 6). Petitioner's objection fails to account for this part of the state appellate record, which showed that both the trial court and Ms. Vargas agreed that Ms. Vargas did not obtain a final ruling on her motion before Ms. Vargas decided to withdraw from the case.  Thus, the state appellate courts had no final ruling to review.  Petitioner's objection also fails to explain how he would have "gained anything by attending" this proceeding.  *See Kentucky v. Stincer*, 482 U.S. 730, 747 (1987).

For Ground Two, Petitioner objects that his right to confrontation was violated by the admission of Harper's statement to the police about her work as a prostitute for Petitioner.  (Objections at 11-12.)  The California Court of Appeal, however, concluded that the Confrontation Clause error as to Harper's statement was harmless because other evidence overwhelmingly proved Petitioner's pimping offense and was cumulative of Harper's statement.  (Lodged Document No. 6 at 23.)  That other evidence consisted of the statements or testimony of three witnesses other than Harper about Petitioner's pimping offense:  Daise, Sisneros, and Bowen.  (*Id*.)  Although Petitioner objects that this other evidence includes inadmissible evidence (Objections at 11-12), he has not proven that any of this evidence considered by the California Court of Appeal in its harmlessness determination was inadmissible.  The only inadmissibility argument that Petitioner raised against this other evidence was against the statement of Bowen (Lodged Document No. 3 at 36-39), but Petitioner forfeited that argument (Lodged Document No. 6 at 20).  Thus, the California Court of Appeal properly considered the accounts of the three witnesses in its harmless error analysis, and its ultimate harmlessness determination was not objectively unreasonable.

1    For Ground Two, Petitioner further objects that the California Court of

2 Appeal improperly found that Petitioner had forfeited his Confrontation Clause

3 claim as to Bowen's and Rembert's statements by failing to raise a

4 contemporaneous objection to those statements in the trial court.  (Objections at 12-

5 13.)  The Court has no jurisdiction to consider Petitioner's objection that the

6 California Court of Appeal's procedural determination was improper.  *See Martinez*

7 *v. Ryan*, 926 F.3d 1215, 1224 (9th Cir. 2019) ("We lack jurisdiction to consider that

8 contention.") (citing *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("Federal

9 habeas courts lack jurisdiction . . . to review state court applications of state

10 procedural rules.")).  Rather, if the state procedural rule applied in this case was

11 independent and adequate, then federal habeas review of Petitioner's Confrontation

12 Clause claim as to Bowen and Rembert is barred.  *See Paulino v. Castro*, 371 F.3d

13 1083, 1093 (9th Cir. 2004).  Petitioner's objection does not dispute that the state

14 procedural rule applied in this case was independent and adequate.  Thus, this part

15 of Ground Two was procedurally barred.

16    For Ground Three, Petitioner objects that the erroneous admission of text

17 messages from his cellphone violated his Fourth Amendment rights.  (Objections at

18 14-15.)  The California Court of Appeal, however, concluded that any Fourth

19 Amendment violation in this regard was harmless because evidence other than the

20 text messages overwhelmingly proved Petitioner's pimping offense.  (Lodged

21 Document No. 6 at 25-26.)  As the California Court of Appeal described it, that

22 other evidence consisted of the statements or testimony of Daise, Sisneros, and

23 Bowen.  (*Id*.)  Although Petitioner again objects that this other evidence includes

24 inadmissible evidence (Objections at 14-15), he has not proven that any of the

25 evidence considered by the California Court of Appeal in its harmlessness

26 determination was inadmissible.  The only inadmissibility argument Petitioner

27 raised against this other evidence was against the statement of Bowen (Lodged

28 Document No. 3 at 36-39), but Petitioner forfeited that argument (Lodged

Document No. 6 at 20).  Thus, the California Court of Appeal properly considered the accounts of the three witnesses in its harmless error analysis, and its ultimate harmlessness determination was not objectively unreasonable.

For Ground Three, Petitioner further objects that the admission of his text messages, in violation of the Fourth Amendment, was prejudicial as to his street gang conviction and gang enhancements.  (Objections at 15.)  However, Petitioner has never advanced any detailed argument, in the state or federal courts, for why a Fourth Amendment violation in the admission of Petitioner's text messages was prejudicial error as to these gang-related verdicts.  Perhaps because the text messages were almost entirely about prostitution and pimping (ECF No. 18-3 at 6-12; Lodged Document No. 6 at 4), the California Court of Appeal's Fourth Amendment analysis understandably focused only on whether the erroneous admission of the text messages was harmless as to Petitioner's pimping conviction (Lodged Document No. 6 at 25-26).  In any event, even assuming for purposes of argument that Petitioner had properly raised a Fourth Amendment argument as to the gang-related verdicts, it would not warrant federal habeas relief.  Any Fourth Amendment violation in the admission of the text messages would have been harmless error with respect to the street gang conviction and gang enhancements. The text messages, from the women who worked as prostitutes, said almost nothing about gangs other than a single text message referencing Petitioner's gang moniker, "Aktive."  (ECF No. 18-3 at 8; 1 Reporter's Transcript ("RT") 948.)  But other trial evidence established Petitioner's gang membership and moniker, including the gang expert's testimony (1 RT 618-19) and Petitioner's own admission (1 RT 604). Because the text message's reference to Aktive was merely cumulative of that evidence, any Fourth Amendment violation from "the improperly admitted evidence did not contribute to the verdict."  *See United States v. Bishop*, 264 F.3d 919, 927 (9th Cir. 2001); *see also United States v. Jennell*, 749 F.2d 1302, 1307 (9th Cir. 1984) (Fourth Amendment violation was harmless where the allegedly

inadmissible evidence was cumulative of other evidence); *United States v. Cruz-Ramirez*, 782 F. App'x 531, 543 (9th Cir. 2019) (same).

For Ground Four, Petitioner objects that the cumulative effect of several errors prejudiced him.  (Objections at 16-17.)  Contrary to Petitioner's objection, this claim is unexhausted because Petitioner never fairly presented the factual basis of this claim before the state courts.  Petitioner alleged cumulative error before the state courts based on individual errors that were different from the individual errors on which he bases his current claim of cumulative error.  (*Compare* Lodg. No. 3 at 82-83 and Lodg. No. 7 at 36 *with* ECF No. 1 at 25-26).  For example, Petitioner's current claim of cumulative error is based largely on ineffective assistance of counsel (ECF No. 1 at 26), which Petitioner never presented to the state courts as a basis for his cumulative error claim.  Accordingly, Ground Four is unexhausted. *See Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) ("A thorough description of the operative facts before the state's highest court is a necessary prerequisite to satisfaction of the [exhaustion] standard[.]"), *overruled on other ground as recognized by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007).  Moreover, Petitioner is not entitled to habeas relief for Ground Four because his cumulative error claim lacks any supporting argument.  Although the Court agrees with Petitioner that *pro se* litigants are entitled to leniency in the interpretation of their pleadings (Objections at 16-17), such litigants nonetheless must develop their arguments.  *See Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1020 (9th Cir. 2011) (*pro se* inmate's issues were deemed waived when not supported with argument); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (same).

For Ground Five, Petitioner objects that his sentence is unlawful. (Objections at 17-18.)  Although Petitioner acknowledges that such a claim generally is a state-law matter that is not cognizable in federal habeas corpus, he argues that his claim is cognizable because he is raising "not a question of individual application, but of the general constitutionality of a court's discretion to

apply the sentencing practices in question." (*Id.*)  Because this constitutional argument is being raised for the first time in Petitioner's Objections to the Report, the Court has no obligation to consider it.  *See Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638 (9th Cir. 1988) (finding it "entirely appropriate" for a district court to refuse to consider a belated contention raised for the first time in objections to a magistrate's report), *overruled on other ground by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (*per curiam*) (*en banc*).  In any event, Petitioner would not be entitled to federal habeas relief because his objection is conclusory, without any argument for why a state court's exercise of its sentencing discretion raises a problem of general constitutionality.  *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (conclusory allegation of a constitutional violation "did not meet the specificity requirement").

Finally, Petitioner requests an evidentiary hearing.  (Objections at 2, 7, 10, 17, 19.)  The Court is not required to hold an evidentiary hearing because Petitioner has not demonstrated that the state courts' rejection of his claims was objectively unreasonable pursuant to 28 U.S.C. § 2254(d).  *See Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) (the "practical effect" of the AEDPA's deferential standard "means that when the state-court record 'precludes have relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'") (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)); *see also Sully v. Ayers*, 725 F.3d 1057, 1075-76 (9th Cir. 2013) ("Here, [Petitioner] failed to surmount § 2254(d)'s limitation on habeas relief, so he was not entitled to an evidentiary hearing.").  Moreover, an evidentiary hearing is not required because the existing record precludes habeas relief.  *See Schriro*, 550 U.S. at 474 ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.") (citing *Totten v. Merkle*, 137 F.3d 1172, 1176 (1998) (holding that "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record.")

(emphasis deleted)).  Accordingly, Petitioner's request for an evidentiary hearing is denied.

IT IS THEREFORE ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: December 3, 2020

_____ /s/ _____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE